THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ANDREW KOKORALEIS, Appellant.

Docket Nos. 65229, 72862, 87168 cons.

Order entered March 8, 1999.

JUSTICE HARRISON, dissenting from the denial of defendant-appellant's motion for stay of execution and dismissal of his appeal:

Following a jury trial in the circuit court of Du Page County, Andrew Kokoraleis was found guilty of the aggravated kidnaping and murder of Lorraine Borowski and was sentenced to death. This court affirmed on direct review. *People v. Kokoraleis*, 132 Ill. 2d 235 (1989). Kokoraleis then sought post-conviction relief, but was unsuccessful. *People v. Kokoraleis*, 159 Ill. 2d 325 (1994) (affirming dismissal of post-conviction petition without evidentiary hearing). Kokoraleis likewise failed in his attempt to secure relief from the federal courts. See *Kokoraleis v. Gilmore*, 131 F.3d 692 (7th Cir. 1997). He has now initiated a second post-conviction petition in the courts of Illinois. As grounds for his second petition, Kokoraleis contends that new evidence has been discovered which supports his claim that he is actually innocent of the offense for which he is about to be executed. He fur-

ther asserts that new evidence will show that the State failed to disclose to the defense certain exculpatory evidence and that his conviction was based on a coerced confession.

Kokoraleis' second post-conviction petition was denied by the circuit court. The matter comes before us today on his motion for a stay of execution until the circuit court's judgment can be reviewed by our court on appeal. That motion should be granted. For the reasons set forth in my dissent in *People v. Bull*, 185 Ill. 2d 179, 225-29 (1998) (Harrison, J., concurring in part & dissenting in part), this state's present death penalty law does not meet the requirements of the eighth and fourteenth amendments to the United States Constitution (U.S. Const., amends. VIII, XIV) or article I, section 2, of the Illinois Constitution (Ill. Const. 1970, art. I, § 2). Moreover, as I have previously noted,

> "The flaw in Illinois' death penalty law goes beyond questions of statutory construction, legal interpretation, or judicial philosophy. The problem inheres in the system itself. Experience has shown that the present mechanism for handling capital offenses simply does not work in a just and reliable way. Under these circumstances, the result in every death case is suspect, and no sentence of death should be allowed to stand." *People v. Davis*, 185 Ill. 2d 317, 353 (1998) (Harrison, J., concurring in part & dissenting in part).

The fatal defects I have noted in our capital punishment system are not theoretical. My prediction in *Bull* that an innocent person would inevitably be executed has very nearly come to pass. Last September, another capital defendant, Anthony Porter came within 48 hours of being executed. At the time, there was no real question as to his guilt. The delay was granted for reasons wholly unrelated to Porter's culpability. Subsequent developments showed, however, that he was, in fact, completely innocent. Significantly, those developments had nothing whatever to do with the efficacy of the courts. The courts were content to take Anthony Porter's life. He walks free today only because, as in so many other cases that preceded his, a dedicated group of volunteers decided to take up his cause.

In the wake of *Bull* and the Anthony Porter case, there has been nearly universal recognition by this state's legal community that our system of capital punishment is in dire need of change. Even those who have been ardent supporters of capital punishment have begun to concede the law's potentially horrific shortcomings. I do not know

what the solution is. No one seems to. Committees have been convened and reforms have been proposed, but answers remain elusive. Perhaps there is no answer. I do know, however, that until we have a better understanding of where the system is failing and how, if at all, it can be remedied, the State of Illinois has no business continuing to send defendants to their deaths. It must be stopped from executing Kokoraleis and every other defendant sentenced under the existing capital punishment system. It is within the power of the governor to effectuate this result through the exercise of his constitutional authority to grant reprieves. Ill. Const. 1970, art. V, § 12. If he is unwilling to exercise that authority, as he has shown himself to be in this case, it is incumbent upon our court to intercede.

Even if our present capital punishment laws were constitutional, I would still grant a stay of execution in the matter before us today. Our court routinely stays executions where, as here, a defendant seeks relief under the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 1996)). In fact, the clerk of this court has prepared a stock form for that purpose. There is no basis for deviating from our usual practice here. Kokoraleis' claim of actual innocence based on newly discovered evidence presents a constitutional question appropriate for post-conviction relief. *People v. Washington*, 171 Ill. 2d 475, 489 (1996). Kokoraleis had no way of raising this matter in his initial petition, and putting him to death without affording him the opportunity to fully litigate the matter is fundamentally unfair.

In summarily dismissing Kokoraleis' appeal, the majority has abandoned any pretense of due process or procedural regularity. I cautioned in *Bull* that this was a court that felt free to disregard its own rules, even when they are jurisdictional and mandatory. *Bull*, 185 Ill. 2d at 228 (Harrison, J., concurring in part & dissenting in part). Today's action provides sorry confirmation of my concerns. Kokoraleis' appeal does not suffer from any procedural irregularities which would warrant dismissal on the court's own motion. It is timely and technically proper. Moreover, the State has not claimed that the appeal is frivolous or was filed purely for purposes of delay. Indeed, the State has not challenged the propriety of the appeal at all. The decision to dismiss the appeal was completely unprompted. The idea of killing a defendant before he has any chance to tell us what his appeal is even about is something that my colleagues thought up solely on their own.

Where a post-conviction petitioner brings a facially valid appeal in accordance with the procedures established by our court, as Kokoraleis has done here, we have no authority under the law to summarily

dismiss it. The General Assembly has expressly decreed that final judgments entered upon post-conviction petitions "shall be reviewed in a manner pursuant to the rules of the Supreme Court." 725 ILCS 5/122—7 (West 1996). Supreme Court Rule 651(d) (134 Ill. 2d R. 651(d)) provides that the procedures for appeals in post-conviction proceedings "shall be in accordance with the rules governing criminal appeals, as near as may be." Nothing in the rules governing criminal proceedings permits the summary dismissal of a facially valid, timely, and technically proper appeal. Even in civil cases, where summary dispositions of appeals are sometimes allowed, we at least require that briefs be filed first. 134 Ill. 2d R. 302(c).

My colleagues seem to regard the existence of Kokoraleis' appeal as nothing more than a bureaucratic nuisance. They forget that under Supreme Court Rule 651(a), appeals from judgments of the circuit court in post-conviction proceedings involving judgments imposing death sentences are not optional or a matter for the court's discretion. Such appeals lie to the Supreme Court "as a matter of right." 134 Ill. 2d R. 651(a). In proceeding as they have here, my colleagues have robbed Kokoraleis of that right.

Let there be no misunderstanding. This is not a case where the court has had the opportunity to review the trial proceedings, consider the law and entertain argument from counsel. It has done none of those things. We know nothing of what transpired in the circuit court except that the petition was summarily dismissed without an evidentiary hearing. There is no record. There is no argument. There are no briefs. There is nothing. The court cannot pretend that it has made even a cursory assessment of the merits. An appeal under these circumstances is no appeal at all. The most important check in our justice system has been lost.

In reaching this conclusion, I do not wish to minimize the gravity of the offenses for which Kokoraleis has been convicted. The evidence presented at his trial depicted conduct that is almost beyond belief. I doubt that any rational person could read the accounts of Lorraine Borowski's shocking murder without feeling utter disgust and revulsion. The depravity of the crime, however, cannot blind us to our constitutional obligations. No matter how despicable a defendant might be, we cannot forsake our allegiance to the rule of law. It is a test of our character as judges.

The stay should be granted. The appeal should not be dismissed.